**In re FAILURE OF UTILITIES TO FILE ANNUAL REPORTS.**

Docket No. 7244-WS. Order No. 5539.

Florida Public Service Commission.

October 3, 1972.

Chairman WILLIAM T. BEVIS, Commissioners WILLIAM T. MAYO and JESS YARBOROUGH participated in the disposition of this matter.

BY THE COMMISSION.

*Order:* On August 4, 1972, we issued order no. 5500 herein, ordering eight water and/or sewer utilities, referred to hereinafter, to show cause why each should not be penalized by the imposition of a fine not to exceed $750 for failure to timely file annual reports as required by Rule 25-10.25(2) F.A.C.

Two of the utilities have not filed a written response to our order. These are as follows —

> *Suburban Services, Inc.*
> Post Office Box 5212
> Daytona Beach, Florida
> Certificate No. 70-S

> *Bayshore Utility Company*
> 1024 North Trail
> North Ft. Myers, Florida

We conclude that the lack of response to our order within the time specified therein is indicative of the absence of any reason on the part of each of the above utilities why it should not be penalized by the imposition of a fine of $750.

The 1971 annual report of *Maitland Utilities Corporation* was received by this commission on August 2, 1972. Since the time for filing annual reports had passed, as well as the extension of time we

granted this utility, we find that Maitland Utilities Corporation should be penalized by the imposition of a $150 fine for failure to timely file its 1971 annual report.

The following four utilities responded in writing within the twenty days set by order no. 5500 —

The annual report of *South Palm Beach Utilities Corporation* was received on August 18, 1972, months after such reports were due to be filed in accordance with Commission Rule 25-10.25(2). We find that South Palm Beach Utilities Corporation should be penalized by the imposition of a fine of $150 for its failure to timely file its 1971 annual report.

*Broadview Park Water Company* mailed its response to us on August 8, 1972, and reported that Mr. Louis Gordon, a principal of the company, was abroad for the months of May and June, 1972, and that in his absence Mr. Gordon assumed that other principals had taken care of the matter by filing annual reports.

The required report was submitted by the utility on August 11, 1972.

We do not find the response of the utility sufficient to justify the omission of any penalty for the utility's violation of our rule concerning the timely filing of annual reports. We find that a penalty of $150 should be imposed upon the utility as a fine for its failure to timely file its 1971 annual report.

*Royal Palm Beach Utilities Company* responded to order no. 5500 within the time therein specified and reported that it was new to our jurisdiction and that it had employed special consulting assistance in the preparation of our annual report. The utility reports that its chief accountant fell ill and left the utility's employment. The utility then reports that it hired a new chief accountant on June 15, who became seriously ill and subsequently died on August 11, 1972.

This utility requested a further extension of time to respond by filing the annual report required on or before September 30, 1972.

We deeply regret the illness and cessation of employment of Royal Palm Beach Utilities Company's first chief accountant, and the illness and death of the second chief accountant, but we note that the first chief accountant did not leave the employment of the utility until after the extended time for the filing of the annual report had passed.

We find that, these matters taken into consideration together with the fact that the utility is filing its first annual report with us, the imposition of a fine of $300 should be imposed.

*Santa Rosa Shores Utilities, Inc.* responded, by its attorney, to report that it obtained an extension of time to file the 1971 federal income tax return until September 15, 1972. The utility's attorney appears to be under the assumption that the granting of time for filing of the income tax return automatically extends to the annual reports to this commission. If such is the case, that impression is erroneous. We further note that September 15, 1972 has passed, and that as of September 18, 1972, the annual report of Santa Rosa Shores Utilities, Inc. has not been filed with this commission.

The response of the attorney for this utility further states that the utility company is a lesser company in its importance to the overall complex of the operation which, he states, is land development and sales.

It is apparent from reading chapter 367, Florida Statutes, that the legislature designed regulation of water and sewer utilities with the principal purpose of requiring the provision of good service at reasonable rates. For that reason, we shall endeavor to insure that service to existing customers is of primary, not secondary, importance to those who would engange in this business under our regulation. The annual report required by Rule 25-10.25(2) is one of our most important tools in the scheme of that regulation. We find that a fine of $500 should be imposed upon Santa Rosa Shores Utilities, Inc. for its failure to timely file its 1971 annual report to this commission.

Mr. V. E. Buckley, manager of *Intercession City Waterworks,* wrote to us on August 31, 1972, stating that he was on a 7-week vacation when we issued order no. 5500. He further requested that we send him annual report forms.

We note that Mr. Buckley signed a receipt for the annual report forms which our staff sent him. The receipt bearing his signature is dated February 12, 1972. Finally, we note that six months and nineteen days transpired before a representative of Intercession City Waterworks wrote to us in regard to the requirement of filing the 1971 annual report.

In his last paragraph, Mr. Buckley states as follows —

> "We were not under Public Service Commission until almost the end of 1971. So we did not think we would be required to fill out a report until 1972."

The utility became subject to this commission's jurisdiction on September 1, 1971. Taking that factor into consideration, we find that a penalty of $500 should be imposed upon the utility for its failure to timely file its annual report, or to make timely inquiry concerning it.

It is therefore ordered that a penalty of $750 be and is hereby imposed upon Suburban Services, Inc. and Bayshore Utility Company for their failure to timely file their annual reports.

It is further ordered that if any or each of the above utilities shall file their annual reports on or before the passage of thirty days from the date of this order, the fine shall be reduced by the sum of $450.

It is further ordered that a penalty of $150 be and is hereby imposed upon Broadview Park Water Company for its failure to timely file its annual report as referred to hereinabove.

It is further ordered that a penalty of $300 be and is hereby imposed upon Royal Palm Beach Utilities Company for its failure to timely file its 1971 annual report, as referred to hereinabove, said penalty to be reduced by the sum of $100 if the said utility shall file its 1971 annual report with this commission on or before the thirtieth day of September, 1972, or by the sum of $50 if the said report is filed with this commission within thirty days of the date hereof.

It is further ordered that a penalty of $500 be and is hereby imposed upon Santa Rosa Shores Utilities, Inc. for its failure to timely file its 1971 annual report, as referred to hereinabove, but the said penalty shall be reduced by the sum of $250 if the said utility shall file its 1971 annual report with this commission on or before the passage of thirty days from the date hereof.

It is further ordered that a penalty of $500 be and is hereby imposed on Intercession City Waterworks for its failure to timely file its 1971 annual report, as referred to hereinabove, but the said penalty shall be reduced by the sum of $250 if the said utility shall file its 1971 annual report with this commission on or before the passage of thirty days from the date hereof.

It is further ordered that a penalty of $150 be and is hereby imposed upon Maitland Utilities Corporation for its failure to timely file its 1971 annual report, as referred to hereinabove.

It is further ordered that a penalty of $150 be and is hereby imposed upon South Palm Beach Utilities Corporation for its failure to timely file its 1971 annual report, as referred to hereinabove.

By order of Chairman WILLIAM H. BEVIS, Commissioner WILLIAM T. MAYO and Commissioner JESS YARBOROUGH, as and constituting the Florida Public Service Commission, this 3rd day of October, 1972.

*William B. DeMilly*
Administrative Secretary